## CONTINENTAL CASUALTY CO. v. GREEN.
### (No. 2350.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 26, 1921. Rehearing Denied Feb. 3, 1921.)

Insurance ⬳349(1)—Policy providing for payment of premium from wages for July not lapsed where insured died before last of such wages were payable.

Where an insurance application and policy contemplated the giving by insured of an order on his employer's paymaster for the premium and made such order a part thereof and the order given directed payment in installments, the first of which was to be paid from insured's wages for July, and the employer paid its employees' wages for the first part of the month on the 30th and for the last part of the month on the 15th of the following month, and insured died on August 7th, before the last of his July wages were payable, the premium was not overdue and the insurance had not lapsed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Mattie Green against the Continental Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellant issued an accident insurance policy to Isom Green on May 16, 1919, agreeing to pay to his wife, Mattie Green, the sum of $2,000 if Isom Green lost his life by accidental means within one year. Isom Green 'was a laborer working for the Texas & Pacific Railway Company, in the shops at Marshall, Tex. He was killed by accidental means under the terms of the policy on August 7, 1919, while working 'for the railway company. The casualty company was duly notified of his death, and legal demand was made by the beneficiary of the amount due under the policy, but the casualty company denied all liability on the policy and refused payment, claiming the policy had lapsed for nonpayment of premiums. The appellee brought the suit to recover the amount of the policy, attorney's fees, and the statutory 12 per cent. penalty. The defendant answered by denial, and specially that the policy was forfeited under the terms for nonpayment of premiums. The case was tried before the court without a jury, and judgment was entered for the plaintiff.

The court made findings of fact, which are not challenged on appeal. It appears that Isom Green took out an accident policy with the appellant on May 16, 1918, for one year, and renewed it on May 16, 1919, for one year. The appellant issued a number of policies to the employees of the Texas & Pacific Railway Company, and the premiums were paid by deductions by the railway company against the wages of the employees. The appellant company had made arrangements with the railway company by which the orders given by the employees, including Isom Green, were accepted by the railway company. Isom Green made application on the blanks of the appellant for renewal of the policy in suit, which, as material here, stated:

"I agree to pay for my said policy an annual premium of $22.00 in three installments of $7.50 each. If paymaster's order is given to provide for the payment of these installments I agree to pay them as therein provided and do hereby make such order a part of my contract with the company. If no paymaster's order is given the installments shall be due without notice each succeeding month until all are paid. I agree that if any payment be not made by 12 o'clock noon standard time of the day when due all my rights under said policy and the rights of the beneficiary thereunder shall then and thereby become void, and that my policy can be reinstated only at the option of the company and as provided in the policy, and that no claim for loss arising between the time of such forfeiture and reinstatement shall be good against the company."

The policy of insurance provides, as material here, that—

"The application herefor and any paymaster's order given to provide for the payment of premiums are hereby made a part hereof. If any premium shall not be paid when due its subsequent acceptance shall be optional with the company at its office, and if accepted the policy shall be reinstated thereby to date from 12 o'clock noon of the day following its receipt and acceptance. Any unpaid portion of the annual premium may be deducted from any claim hereunder. Strict compliance on the part of the insured and beneficiary with all of the provisions of this policy is a condition precedent to recovery hereunder, and any failure in this respect shall forfeit to this company all right to the principal sum and indemnity."

Isom Green at the time of renewal of the policy gave an order against his employer, the Texas & Pacific Railway Company, directing the paymaster to deduct from his wages the amount of $22 in three monthly installments: $7.50 from the July wages, $7.50 from the August wages, and $7 from the September wages. The appellant accepted the order and continued the policy in effect. The order reads as follows:

"To the Paymaster of my Employer: I have this day made application to the Continental Casualty Company (hereinafter called the company) for a policy of insurance. This order is given to provide for the payment of the premium thereon which you are authorized and requested to deduct from my wages in installments as hereafter designated, pay to the company for me, and charge against my pay account for services rendered to my employer on whom this order is drawn. If for any reason whatever you fail to make deduction of any installment from the wages of the period hereinafter designated for that purpose, you are further authorized and requested at the option of the company to deduct and pay the defaulted installments from any of my subsequent wages.

"I understand and agree as to the duration of my said insurance: (1) That my said policy after taking effect so continues until the expiration of the period hereinafter designated for the deduction of the last installment of premium unless I sooner cease to be in the service of my present employer, or unless default be made in the payment of any prior installment, in either of which events my insurance shall at once terminate without notice, except as it may be continued in force by reason of premium previously paid; (2) that the payment of each installment in which the said premium is payable shall continue my policy in force for a period of two months, all such periods to be computed successively from the date of the policy; (3) that the paymaster is my agent for the purpose of deducting these installments from my wages, and his action in that regard is entirely at my risk; (4) that should my policy lapse at any time by reason of nonpayment of any installment and premium afterwards be paid, then such payment shall reinstate my policy as provided herein.

"I also agree that if my wages are paid to me more often than once a month, then each installment, instead of being deducted and paid from a month's wages as herein provided, is to be deducted and paid from that part of the month's wages * * * payable to me.

Tex.) WILBANKS v. SELBY 371
(227 S.W.)

"The amount of said premium is $22.00, and I have agreed to pay it in two installments as follows: $7.50 from my wages for the month of July, 1919; $7.50 from my wages for the month of August, 1919; $7.00 from my wages for the month of September, 1919.

"I understand no agent of the company has any authority or power to waive or change any of the printed provisions hereof.

"My employer is the Texas & Pacific Railway Company, department head R. E. Roe, my occupation is brass founder; I am employed at Marshall; my time is kept at Marshall, Division Marshall Shops. Dated at Marshall the 16th day of May, 1919. [Signature] Isom Green."

The railway company had two pay days each month, about the 15th and 30th, respectively. The wages of the employees for the first 15 days of the month were payable on the pay day occurring about the 30th of the month, and the wages that accrued on the last 15 days of the month were payable on the pay day occurring about the 15th of the following month. The wages due Isom Green for the first half of July, 1919, were payable about July 30, and the same were paid to him by check by the railway company. The wages of Isom Green for the second half of July were due on August 15, 1919. Isom Green was killed August 7, 1919.

Prendergast & Prendergast, of Marshall, for appellant.

Davidson & Blalock, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). The court concluded:

(1) "That the defendant under the order for wages had no right to demand the money due upon the premium until the middle pay day in August, 1919, which was eight days after the death of Isom Green," and (2) "that the policy of insurance at the time of Isom Green's death had not lapsed and was in full force and effect."

Appellant challenges the court's conclusions and insists that the policy had lapsed at the date of the death of the insured. It is believed that the evidence fully supports the court's conclusion and the judgment in favor of the plaintiff. The insured agreed to pay the premium for the insurance as follows:

"The amount of said premium is $22.00, and I have agreed to pay it in three installments as follows: $7.50 from my wages for the month of July, 1919; $7.50 from my wages for the month of August, 1919; $7.00 from my wages for the month of September, 1919."

There is no particular day of the month that the payment is to be made. The "deduction and payment" was merely to be "from my wages for the month of July, 1919." A failure to pay the July installment out of the first pay day of July would not operate to forfeit the policy under the terms of the deduction order which was accepted by the appellant. There would be "wages for the month of July, 1919," so long as any wages were due the insured by the railway company for the month or any portion of the month of July, 1919. And the record admits that "the wages due Isom Green for the last of July were payable about August 15, 1919," according to the system of bookkeeping by the railway company, and in the light of which the deduction orders were given and accepted. If the wages mentioned were not payable to the insured until that date, the appellant, having an order therefor, could not collect same until that date from the railway company. The insured died, it conclusively appears, before the latter half of his "July wages" were payable.

The judgment is affirmed.